# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff(s), § | |
| vs. § § | CIVIL ACTION NO. 4:23-CV-1224-P |
| AGRIDIME LLC, JOSHUA LINK, AND JED WOOD, § § § | |
| Defendant(s). § | |

## RETURN OF SERVICE

Came to my hand on **Thursday, February 22, 2024 at 7:00 PM**,
Executed at: **200 WEST MAIN STREET, ARLINGTON, TX 76010**
at **10:55 AM**, on **Friday, February 23, 2024**, by delivering to the within named:

### WORTHINGTON NATIONAL BANK

by personally delivering to its **President, MIKE LEWIS**

a true copy of this

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION with EXHIBIT A and CERTIFICATION OF BUSINESS RECORDS

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

My name is Danny L. Haney, my date of birth is March 27, 1958 and my business address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on Sunday, February 25, 2024

By: _____
Danny L. Haney - PSC 566 - Exp 03/31/24
served@specialdelivery.com

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| Securities and Exchange Commission | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:23-cv-1224-P |
| Agridime LLC, Joshua Link, and Jed Wood | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Worthington National Bank

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment "A".

| Place: Wick Phillips Gould & Martin, LLP<br>100 Throckmorton Street, Suite 1500<br>Fort Worth, Texas 76102 | Date and Time:<br>03/01/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/22/2024

*CLERK OF COURT*

OR

_____        /s/ Colin P. Benton
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiff Steve Fahey, in his capacity as the Court-appointed Receiver__ , who issues or requests this subpoena, are:

Colin P. Benton, Wick Phillips Gould & Martin, LLP, 100 Throckmorton Street, Suite 1500, Fort Worth, TX 76102 (817) 984-7429; colin.benton@wickphillips.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:23-cv-1224-P

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**RETURN / AFFIDAVIT PROOF / ATTACHED**

**RETURN / AFFIDAVIT PROOF / ATTACHED**

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

## DOCUMENTS TO BE PRODUCED

The documents requested below are believed to be in your possession, custody and/or control, and are believed to be relevant to the subject matter of the civil cause referenced in the attached subpoena. As such, you are instructed to respond to these requests by producing the requested documents by the date indicated in the subpoena.

## DOCUMENT REQUESTS

1. All transaction history relating to Link's Worthington Account including, without limitation, all debits, credits, transfers, wires, and any other Account activity from January 1, 2018, through the present.

## DEFINITIONS

The following definitions apply to the above requests:

1. "Worthington," "you," or "your" means Worthington National Bank, its members, managers, officers, directors, employees, agents, representatives, or any other person acting on its behalf, including any attorney, consultant, expert, or investigator.

2. "Link" means Jason Link, his agents, representatives, or any other person acting on his behalf, including any attorney, consultant, expert, or investigator.

3. "Account" means the Worthington National Bank account for accountholder Jason Link with account number ▮▮▮▮ and routing number ▮▮▮▮.

4. The term "document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and drafts thereof. The term "document" includes, but is not limited to, the following items, whether printed, recorded, or reproduced by mechanical or electronic process, or written or produced by hand: agreements; communications, including intercompany and intracompany communications; letters; electronic mail (i.e. "e-mail"), instant messages, text messages, correspondence; telegrams; cables; telexes; memoranda; records; books; summaries of records or papers; graphs; charts; maps; blueprints; diagrams; tables; indices; pictures; recordings; tapes; computer storage media; accounts; analyses and analytical records; memoranda of telephone calls; minutes or records of meetings or conferences; reports or summaries of interviews; transcripts; reports; microfilm; microfiche; telecopies; faxes; computer printouts; ledgers; photographs; videotapes; schedules; wiring diagrams; logic diagrams; diaries; calendars; day-timers; logs; reports or summaries of investigations; opinions or reports of

consultants; appraisals; evaluations; reports or summaries of negotiations; brochures; bulletins; pamphlets; circulars; advertising literature; magazine and newspaper articles or advertisements; trade letters; press releases; contracts; notes; drafts; projections; working papers; checks (front and back); check stubs; receipts; and other documents, papers, or writings of whatever description including, but not limited to, any information contained in any computer or electronic information storage and retrieval device.

5. The terms "**relating to**," "**relate to**," "**regarding**," "**concern**," "**concerning**," or "**pertaining to**" mean reflecting, referring to, having any relationship to, pertaining to, evidencing, or constituting, in whole or in part, the subject matter of the particular request, as well as any document which contains, records, states, reflects, interprets, identifies, confirms, contradicts, or otherwise concerns that subject in any fashion whatsoever.

6. The definitions herein are not case sensitive.

7. The relevant time period of any request shall be from January 1, 2018, through the present unless otherwise stated.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | Civil Action No. 4:23-cv-1224-P |
| AGRIDIME LLC, JOSHUA LINK, and JED WOOD, | | |
| *Defendants.* | | |

## CERTIFICATION OF BUSINESS RECORDS

Pursuant to 28 U.S.C. § 1746, the undersigned certifies as follows:

1. I, _____ (print name), am a custodian of Records for Worthington National Bank. I am familiar with the record-keeping system of Worthington National Bank, and I am qualified to make the statements contained herein.

2. The records provided by Worthington National Bank to Wick Phillips Gould & Martin, LLP in response to the subpoena were kept and maintained by Worthington National Bank in the regular course of business.

3. The records were made at or near the time of the conducted activity by a person—or from information transmitted by—a person with knowledge of the transaction, communication or document described. The making of these records is a regular course of business of Worthington National Bank. Attached hereto are _____ pages of records from Worthington National Bank.

4. The reproduction of the original records provided by Worthington National Bank to Wick Phillips Gould & Martin, LLP was true, accurate, and complete.

[*signature on following page*]

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2024.

_____
Signature

_____
Print Name



Colin P. Benton
817.984-7429| Direct Dial
colin.benton@wickphillips.com
www.wickphillips.com

February 22, 2024

*Via Hand Delivery*
Worthington National Bank
200 West Main Street
Arlington, TX 76010

Re: Stephen P. Fahey, Court-Appointed Receiver for Agridime, LLC in *Securities and Exchange Commission v. Agridime, LLC et al.*, No. 4:23-cv-1224-P, in the United States District Court for the Northern District of Texas;
**Subpoena Duces Tecum**

To Whom It May Concern:

Enclosed is a Subpoena for documents regarding the above-referenced matter. Pursuant to Federal Rule of Civil Procedure 45(c)(2), a location to deliver the records is provided in the subpoena. If possible, and to avoid delay, the records can be sent electronically to my email address at colin.benton@wickphillips.com or transferred through a secure ShareFile link that I can provide upon request.

Please give me a call or email me once you have received this letter and subpoena. My contact information is in the heading above.

Sincerely,

Colin P. Benton

Enclosure

cc:   Stephen P. Fahey – via email;
      Brant C. Martin – via email (firm); and
      David J. Drez – via email (firm).