IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 4:23-cv-1224 |
| | ) |
| v. | ) |
| | ) |
| AGRIDIME LLC, | ) |
| JOSHUA LINK, and | ) |
| JED WOOD, | ) |
| | ) |
| Defendants, | ) |

**PLAINTIFF'S NOTICE OF OBJECTION
TO THE RECEIVER'S FIRST QUARTERLY FEE APPLICATION**

Plaintiff Securities and Exchange Commission (the "Commission") files this Notice of Objection to the Receiver's First Quarterly Fee Application (the "Fee Application") and would show as follows:

**SUMMARY**

On May 15, 2024, the Receiver filed the Fee Application with the Court, seeking $503,686.47 in fees for work performed by the Receiver; his counsel, Wick Philips ("Counsel"); and his accountants. The Commission did not have the opportunity to review the Application prior to filing, and the Certificate of Conference in the Fee Application correctly noted that the Commission would file its objections, if any, after it had the chance to review the Application.

The Court granted the Fee Application on May 17, 2024. Pursuant to its responsibility to advocate for investors who were victims of the scheme that gave rise to the appointment of the Receiver, the Commission files these objections so that, at the least, the Commission's objections can be considered when assessing future fee applications. The Commission specifically objects

1

to (A) the fee rates charged by the Receiver and his counsel and (B) the award of the total fee amount, without holdback, given the uncertain recovery at this stage of the receivership.

## LEGAL STANDARD

Per this Court's Order Appointing Receiver, the Receiver and the personnel retained by him "are entitled to reasonable compensation and expense reimbursement from the Receivership Estate[.]" Doc. 15.  When calculating "reasonable compensation," including attorney's fees, the Court uses the "lodestar method." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).  The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by a reasonable hourly rate. *SEC v. Narayan*, No. 3:16-CV-1417-M, 2019 WL 13074285, at *1 (N.D. Tex. Sept. 30, 2019) (citing *Smith & Fuller*, 685 F.3d at 490).  The applicant bears the burden of establishing by competent evidence the reasonableness of the hours billed and the prevailing market rate. *SEC v. Millennium Bank*, No. 7:09-CV-050-O, 2009 WL 10689052, at *3 (N.D. Tex. Dec. 31, 2009).  After calculating the lodestar rate, the Court may increase or decrease it taking into account twelve factors enumerated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), which were set forth in the Fee Application.

## ARGUMENT

The Commission objects to the Fee Application because (A) the rates charged by the Receiver and his counsel exceed prevailing market rates and (B) the high fee amount, without any holdback, is unjustified at this stage of the receivership, when recovery has been limited and the amount of future recovery is uncertain.

A. **The rates charged by the Receiver and his counsel exceed the prevailing market rate.**

To calculate a lodestar amount, the Court should multiply the number of hours that an attorney reasonably spent by a "reasonable hourly rate." *Narayan*, 2019 WL 13074285, at *1. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Id.* The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The applicant must submit evidence to establish the proposed rate, "typically through affidavits of other attorneys practicing in the community." *Millenium Bank*, 2009 WL 10689052, at *3. "Absent such evidence, the Court may rely upon its expertise and judgment to independently assess the valuation of the asserted rate." *Id.* (citing *Davis v. Bd. of Sch. Comm'rs of Mobile County*, 526 F.2d 865, 868 (5th Cir. 1976)).

As an initial matter, the Commission objects to the Fee Application because it does not cite evidence to support its claims regarding a prevailing market rate. While the Fee Application states that the average rate charged by the Receiver is "substantially lower than the rates currently charged on other receiverships pending in Texas," the Application does not advance any evidence or caselaw to support this point. The Receiver therefore fails to satisfy his burden to establish a prevailing market rate. Doc. 99, at 13.

The Commission further objects because the Receiver's and his Counsel's rates actually exceed the prevailing market rates. The table below compares the rates charged in this case to those charged by receivers and their counsel in comparable receiverships filed in the Northern District of Texas.[1]

---

[1] This list is a representative sample of receiverships and is not meant to be an exhaustive list of all comparable receiverships in the Northern District of Texas.

| Case Name | Summary | Hourly Rates | Source |
|---|---|---|---|
| *SEC v. Agridime et al.* | Securities enforcement action involving an approximately $200 million fraudulent scheme to sell unregistered securities in the form of "contracts" to buy and raise cattle. | *Receiver*: $1,395<br><br>*Counsel*:<br>- Partners: $475-$575<br>- Associates: $355-$375 | Doc. 99-1, App. to Fee Application, at 3, 26, 34, 42, 52. |
| *SEC v. Christopher A. Faulkner, et al.* Case No. 3:16-cv-01735-D (N.D. Tex.) | Securities enforcement action involving an approximately $80 million fraud scheme selling unregistered and fraudulent working interest investments in oil and gas prospects throughout several states. | *Receiver*: $395<br><br>*Counsel*: $210 | Ex. A-1, Motion for Order Approving Final Payment of Fees and Expenses to Professionals, Case No. 3:16-cv-01735-D [Doc. 712], at Ex. 1, at 10 (**APP. 0054**)[2]; Ex. 2, at 5 (**APP. 0077**) (filed June 30, 2023) |
| *SEC v. William Neil "Doc" Gallagher, et al.*, Case No. 3:19-cv-575-C (N.D. Tex.) | Securities enforcement action involving an approximately $20 million offering fraud that targeted elderly investors' retirement funds. | *Receiver*:<br>- Receiver Work: $350<br>- Admin. Tasks: $175<br><br>*Counsel*:<br>- Partner: $340-$350<br>- Associates: $275-$290 | Ex. B-1, Receiver's Unopposed Fourteenth Quarterly Fee Application, Case No. 3:19-cv-575-C [Doc. 306], at 2 n.1, 4 (**APP. 0104, 0106**) (filed Aug. 14, 2022); Ex. B-3, Receiver's Unopposed Twenty-First Quarterly Fee Application, Case No. 3:19-cv-575-C [Doc. 334], at Ex. B, at 2 n. 1, 4 (**APP. 0143, 0145**) (filed May 13, 2024). |
| *SEC v. Barton, et al.*, Case No. 3:22-cv-2118-X (N.D. Tex.) | Securities enforcement action involving an approximately $26 million offering fraud relating to real estate investments. | *Receiver*: $385<br><br>*Counsel*:<br>- Partners: $385-$500<br>- Associates: $200-$300 | Ex. C-1, Partially Unopposed Second Quarterly Fee Application, Case No. 3:22-cv-2118-X [Doc. 237], at 2 n.1, 4 (**APP. 0180, 0182**) (filed May 15, 2023); Ex. C-3, Partially Unopposed Third |

---

[2] All "APP." references refer to the Appendix in Support of the Commission's Objection, filed herewith.

| | | | Quarterly Fee Application, Case No. 3:22-cv-2118-X [Doc. 237], at 2 n.1, 4 (**APP. 0202, 0204**) (filed Aug. 14, 2023). |
|---|---|---|---|
| *SEC v. Stanford International Bank Ltd. et al.*, Case No. 3:09-cv-0298-N (N.D. Tex.) | Securities enforcement action against bank and investment adviser affiliates regarding an approximately $8 billion scheme that involved fraudulent "certificates of deposit." | *Receiver*: $550<br><br>*Counsel*:<br>• Partners: $710-$973<br>• Associates: $472-$658 | Ex. D-2, App. in Support of Receiver's Motion to Increase Hourly Rates, Case No. 3:09-cv-0298-N [Doc. 3089], at Ex. A-1 (**APP. 0241**) (filed June 22, 2021); Ex. D-5, App. in Support of Receiver's 80th Fee App., Case No. 3:09-cv-0298-N [Doc. 3394], at 13, 35 (**APP. 0326, 0348**) (filed May 21, 2024). |
| *SEC v. The Heartland Group Ventures, LLC, et al.*, Case No. 4:21-cv-1310-BP (N.D. Tex.) | Securities enforcement action involving an approximately $122 million offering and fraud scheme regarding unregistered oil and gas interests. | *Receiver*: $675<br><br>*Counsel*:<br>• Partners: $454-$675<br>• Associates: $330-$370 | Ex. E-1, Receiver's First Fee Application, Case No. 4:21-cv-1310-BP [Doc. 132], at Ex. C (**APP. 0599**) (filed Feb. 15, 2022); Ex. E-2, Receiver's Fee Application, Case No. 4:21-cv-1310-BP [Doc. 453], at Ex. C (**APP. 0800**) (filed Feb. 13, 2024). |
| *SEC v. Boron Capital, LLC et al.*, Case No. 5:22-cv-0114-C (N.D. Tex.) | Securities enforcement action regarding approximately $187 million offering and fraud scheme involving real-estate backed investments. | *Receiver*: $360<br><br>*Counsel*:<br>• Partner: $500<br>• Attorney: $289 | Ex. F-2, App. in Support of Receiver's Fourth Interim Fee Application, Case No. 5:22-cv-0114-C [Doc. 64], at 3, 45 (**APP. 1073, 1115**) (filed Aug. 30, 2023). |

As this table shows, the Receiver's and his Counsel's rates exceed prevailing market rates. The only receivership to have rates approaching the rates here is *SEC v. Stanford*

5

*International Bank Ltd. et al.*, in which the long-time counsel to the receiver recently raised rates to $472 - $973 per hour. Ex. D-3, Order Granting Receiver's Motion for Increased Hourly Rates [Doc. 3099] (**APP. 0282**). Keeping in mind that receivership compensation should be "moderate" and consistent with prevailing rates in the surrounding legal community, *SEC v. Harris*, No. 3:09-CV-1809-B, 2016 WL 1555773, at *9, *11 (N.D. Tex. Apr. 18, 2016), the Receiver and Counsel's rate should be discounted here, at least on a going-forward basis, to conform to the prevailing market rate for the Northern District of Texas.

The Commission further objects to the Fee Application because it improperly calculates the lodestar amount by averaging together the rates of the Receiver, his Counsel, and his Accountants. "The prevailing market rates for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate." *Morales v. Rausch Grp. & Assocs., LLC*, No. 3:19-CV-2850-B, 2021 WL 75400, at *3 (N.D. Tex. Jan. 7, 2021). In other words, the Receiver should not compare the average rate charged by the different professionals in the receivership, but should compare the separate rates of the Receiver, Counsel, and the accountants against rates charged by similarly trained professionals for similar services. By averaging the Receiver's, Counsel's, and accountant's rates, the Fee Application artificially deflates the Receiver and Counsel's rates, which are above prevailing rates in comparable cases, while artificially inflating the accountants' rates. By contrast, if the Court were to apply a reasonable rate to the Receiver, Counsel, and the accountants separately and multiply those rates by the hours expended by each, the total fee amount would be much lower. For instance, the Fee Application insists that the average rate of $558 is within the range of acceptable hourly rates. But if the Receiver's rate was adjusted to

$600 per hour rather than $1,395, the total fee amount would drop to $398,926.47, a savings of $104,760 for investors.

Pursuant to its responsibility to advocate for investors who were victims of the scheme that gave rise to the appointment of the Receiver, the Commission objects to the Receiver's rates as contained in the Fee Application. While the Commission acknowledges the Court has already granted the Fee Application, it files these objections so that, at the very least, they will be considered prior to submission of future Fee Applications. *SEC v. Stinson*, 1:10-cv-3130, 2015 WL 115495, at *3 (E.D. Pa. Jan. 8, 2015) ("Courts have recognized the importance of preserving limited estate assets for defrauded investors, even when doing so limits the payment of professional fees."). The Commission further acknowledges that its objections as to the Receiver's rate may be moot since the Receiver has departed from his prior firm and intends to apply a new rate to his work.

**B.    The award of a high fee amount, without any holdback, is unjustified at this stage of the receivership.**

Of the twelve *Johnson* factors, the "results obtained" and "benefit to the receivership estate" "are critical factors that a court must consider in setting a fee award." *SEC v. Striker Petroleum, LLC*, No. 3:09–CV–2304–D, 2012 WL 685333, at *4 (N.D. Tex. March 2, 2012) (quoting *SEC v. Byers*, 590 F. Supp. 2d 637, 648 (S.D.N.Y. 2008)). Along these lines, the court in *Byers* reduced a receiver counsel's fee award by nearly $1 million, stating that while the receiver's counsel "worked hard, it is simply too early to tell the extent to which its effort will benefit the receivership estate." *Byers*, 590 F. Supp. 2d at 648. "This is all the more reason to apply a rule of moderation now." *Id.*; *see also SEC v. Goren*, 272 F. Supp. 2d 202, 211 (E.D.N.Y. 2003) ("Where it was evident from early on in this proceeding that the total recovery would be limited, the duty to conserve what remained of the victims' savings became especially

7

acute."). "Courts should take particular care to scrutinize fee applications 'to avoid even the appearance of a windfall.'" *Byers*, 590 F. Supp. 2d at 645 (quoting *Goren*, 272 F. Supp. 2d at 206).

At this early stage of the receivership, the amount the Receiver may recover for investors is unknown. There is not yet a formal claims process in place for wronged investors and the size of the victim pool has not been validated. Doc. 99, at 4. Furthermore, the Receiver has already faced a number of obstacles in his work—including disruptions caused by credit card chargebacks and the leveraging of Agridime cattle on feedlots—that have impacted Agridime's operations. Doc. 96, at 9-10, 18-20. Under these circumstances, the Commission maintains that, in addition to discounting the rates charged by the Receiver and his counsel, the Court should withhold a portion of future fees in order to allow the Receiver to recover more assets.[3] *CFTC v. Nawabi*, No. 2:22-CV-00717-KJM-JDP, 2023 WL 2466296, at *2 (E.D. Cal. Mar. 10, 2023) (noting that courts will generally "withhold a portion of the requested interim fees because 'until the case is concluded the court may not be able to accurately determine the 'reasonable' value of the services for which" a receiver seeks interim compensation); *see also Goren*, 272 F. Supp. 2d at 211 ("Where it was evident from early on in this proceeding that the total recovery would be limited, the duty to conserve what remained of the victims' savings became especially acute."). After the Receiver has had the opportunity to recover more assets, the Court can then assess the value of the Receiver's and Counsel's efforts.

---

[3] Pursuant to the Receivership Order entered by this Court on December 11, 2023, "Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court." Doc. 15, ¶ 62. This holdback may then be paid out at the discretion of the Court at the close of the receivership. *Id.*

## CONCLUSION

For the foregoing reasons, the Commission objects to the Fee Application filed by the Receiver.


Dated: June 6, 2024                                     Respectfully submitted,

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

*/s/ Tyson M. Lies*
Matthew J. Gulde
Illinois Bar No. 6272325
Tyson M. Lies
Texas Bar No. 24087927
United States Securities and
Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102
Telephone:  (817) 978-3821
Facsimile:  (817) 978-4927
guldem@sec.gov
liest@sec.gov

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

    I hereby certify that on June 6, 2024, a copy of foregoing was filed electronically and served by mail as soon as practicable on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Tyson M. Lies*
Tyson M. Lies

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 5, 2024, counsel for the Commission conferred with the Receiver, Steve Fahey, regarding the contents of this Objection.

*/s/ Tyson M. Lies*
Tyson M. Lies