UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **Securities and Exchange Commission** | § | |
| | § | |
| | § | |
| vs. | § | 4:23-cv-1224 |
| | § | |
| **Agridime LLC,** | § | |
| **Joshua Link, and** | § | |
| **Jed Wood** | § | |

## Motion for Return of Property

COMES NOW Robert Shane, represented by undersigned counsel, and moves this Court for the return of his property that has been wrongfully claimed by the Receiver in this case, and would show the following:

## FACTUAL BACKGROUND

On December 11, 2023, the Court entered a temporary restraining order against Agridime LLC, Josh Link, and Jed Wood (collectively, the "Defendants" or "Receivership Defendants"). Docket No.  On the same date, December 11th, the Court also appointed a Receiver, and defined and identified the assets of the Receivership.  *See* Order Appointing Receiver, Docket No. 15, *SEC v. Agridime*, 4:23-cv-1224.  The Order specifically defined "Receivership Assets" to include various assets that included funds derived from investor assets, that were held in trust by the Defendants, that were fraudulently transferred by the Defendants, or that were assets of the Defendants.  Importantly, the definition of Receivership Assets included assets that identifiable at the time of the Order, and that were or had been in the control of the Defendants at the time the Order was entered; the definition of Receivership Assets did not include any assets that came into the possession of Agridime after the Order.

After the Order was entered and after the Receiver was appointed, on December 12, 2023, Robert Shane transferred $1,500,000 out of his personal bank account to the Agridime account. Notwithstanding the freeze order entered the day before, the Agridime bank account remained open for several days after the Order was entered. The earliest date that Mr. Shane's funds would have been deposited into the Agridine account was December 12th, but likely several days later. In sum, Mr. Shane's $1.5 million transfer to Agridine was transacted subsequent to the entry of the Order and after the identification of the Receivership Assets.

## DISCUSSION

As a matter of law, funds transferred to a Receivership account *subsequent to* the entry of the Receivership Order are not assets of the receivership estate, and should be returned in full immediately to the transferor. *Anderson v. Stephens*, 875 F.2d 76, 80-81 (4th Cir. 1989). In *Anderson*, the court reasoned that the freeze order "implicitly prohibited" any subsequent banking activity with regard to the scheme that the Receivership was appointed to halt. *Id*., p.81. The *Anderson* Court specifically held:

> The freeze order, in effect, froze the status of the FIG account in an attempt to preserve the status quo of the investors, and we hold that the freeze order suspended all transactions with regard to the account. Because FIG was prohibited from doing business after the March 26 freeze order, ***the funds deposited after cessation of business rightfully can be retrieved (by the depositor)***.

*Id.* (emphasis provided). The *Anderson* Court cited two bankruptcy decisions which followed similar legal reasoning. *Id.*

Multiple receiverships in the Northern District of Texas have followed *Anderson* in returning funds that were transmitted after a freeze order was entered and after a Receiver had been appointed. *See e.g., SEC v. Roy Hill, et al.,* 6:23-cv-00321, Docket # 42 (N.D.Tx.

2023)(Receiver Dennis Rossein specifically requested authority to return assets that were transferred subsequent to the entry of the order of receivership); *see also*, *SEC v. ABC Viaticals, Inc.*, 3:06-cv-02136-P, Docket # 43 and 46 (N.D.Tx. 2007).

These Courts all recognize that this bright line – between the assets under the Receiver's control versus the assets transferred after the Receiver took control – may cause other victims to be diluted or disadvantaged. However, the Courts also recognize that receiverships are created by the Court's orders, that the receivership orders convey broad yet specific powers, and that the orders must be strictly interpreted. A receiver is not authorized to take assets from third parties outside of the Receivership estate, even if taking such assets would benefit victims. The orders set out the scope of assets over which receivers have control, and assets outside of the Receivership estate are not available to the Receiver.

The Order entered by the Court in this case is clear. The Receivership Assets are defined as those certain assets that existed at the time the Order was entered. The Order does not grant authority to the Receiver to exercise control over any new assets that were not Receivership Assets at the time of the Order. Paragraph Three of the Order, which unambiguously states that "all Receivership Assets and Recoverable Assets are frozen until further order of this Court," emphasizes this jurisdictional assertion of control over specific, identified assets.

The Receivership Assets and Recoverable assets are limited to assets that could be frozen as of December 11, 2023. Assets that were transferred subsequent to the entry of the receivership order categorically fall in a different class, and must be administered accordingly.

## **PRAYER**

Mr. Shane respectfully requests this Court to order the Receiver to return the $1.5 million transferred by Mr. Shane to the Agridime account after the Court entered the Order identifying the assets under the Receiver's control.

Respectfully submitted,

/s/ Arnold A. Spencer
Arnold A. Spencer
Texas State Bar #00790791
Spencer & Associates
5956 Sherry Lane, Suite 2000
Dallas, Texas 75225
214-385-8500
arnold@aspencerlaw.com

**Certificate of Conference**

I, Arnold Spencer, counsel for Robert Shane, conferred with counsel for the Receiver, Mr. Colin Benton, and Mr. Benton indicated that the Receiver opposed the relief requested herein.

  /s/ Arnold A. Spencer
Arnold A. Spencer

**Certificate of Service**

I hereby certify that I have filed the foregoing document with the Clerk of Court through the ECF system, which served counsel of record for all parties with a copy of this Motion.

August __, 2025

  /s/ Arnold A. Spencer
Arnold A. Spencer